

604 A.2d 603

J.W.P., PLAINTIFF–RESPONDENT, v. W.W., DEFENDANT–
APPELLANT, AND J.H.P., DEFENDANT–
RESPONDENT.[1]

Superior Court of New Jersey
Appellate Division

Argued October 16, 1991—Decided November 14, 1991.
Corrected Opinion January 6, 1992.

---

[1] To protect the identity of the child, initials have been used. As the plaintiff and one of the defendants have the same initials, fictitious middle initials have been used.

Before Judges LONG and BAIME.

*Richard S. Diamond* argued the cause for appellant W.W. (*Gourvitz, Diamond, Hodes, Braun & Diamond,* attorneys).

*Bonnie C. Frost* argued the cause for respondent J.W.P. (*Einhorn, Harris, Ascher & Barbarito,* attorneys).

*Carol W. McCracken* argued the cause for respondent J.H.P. (*McCracken, Masessa & Cluff,* attorneys).

The opinion of the court was delivered by

LONG, J.A.D.

Defendant, W.W., challenges an order of the trial judge declaring him to be the biological father of Z.P.; directing the amendment of Z.P.'s birth certificate to reflect defendant's paternity; imposing an obligation of child support on defendant; denying his request that J.H.P. be required to support Z.P., and ordering defendant to pay counsel fees. We have carefully reviewed this record in light of defendant's contentions as to equitable estoppel and public policy and have concluded that there is no warrant for our intervention.

Neither J.W.P. nor J.H.P. undertook any action with respect to defendant or Z.P. which would warrant application of the doctrine of equitable estoppel. They did not interfere with his relationship with Z.P. nor did they delay inordinately in bringing this action. Absolutely no detriment to defendant was shown. Moreover, as the trial judge aptly noted, the doctrine of equitable estoppel "was not intended to compromise the natural parent's obligation.... Rather, equitable estoppel was used to provide a safety net for the child whose stepfather has affirmatively interfered with his right to be supported by his natural father." No such interference took place here. All that occurred was laudable behavior by J.H.P. who attempted to create a loving atmosphere for Z.P. Our Supreme Court has already emphatically stated that such conduct is no basis for estoppel:

> To hold otherwise would create enormous policy difficulties. A stepparent who tried to create a warm family atmosphere with his or her stepchildren would be penalized by being forced to pay support to them in the event of a divorce. At the same time, a stepparent who refuses to have anything to do with his or her stepchildren beyond supporting them would be rewarded by not having to pay support in the event of a divorce. [*Miller v. Miller*, 97 *N.J.* 154, 168, 478 A.2d 351 (1984)].

In addition, we see no public policy which is violated by the order of the trial judge directing that defendant, who is the natural father of Z.P., be required to support his son. The counsel fee award was based upon certifications of record; upon a finding of defendant's superior financial circumstances,

and a finding that his actions here were a "disingenuous effort to evade the legal consequences of the paternity decision." We affirm substantially for the reasons expressed by the trial judge, Judge Marianne Espinosa–Murphy, in her opinion of November 6, 1990.

Affirmed.