NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0946-13T3

A.A.,

    Plaintiff-Appellant,

v.

CHRISTOPHER J. GRAMICCIONI,
ESQ., CAREY J. HUFF, ESQ.,
and OFFICE OF THE COUNTY
PROSECUTOR OF MONMOUTH COUNTY,
NEW JERSEY,

    Defendants-Respondents.

---

<table>
<tr><td>

**APPROVED FOR PUBLICATION**

**September 17, 2015**

**APPELLATE DIVISION**

</td></tr>
</table>

Argued December 15, 2014 — Decided September 17, 2015

Before Judges Sabatino, Simonelli and Leone.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2568-13.

Larry S. Loigman argued the cause for appellant.

James H. Gorman argued the cause for respondents.

Raymond R. Chance, Assistant Attorney General, argued the cause for amicus curiae State of New Jersey (John J. Hoffman, Acting Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Lewis A. Scheindlin, Assistant Attorney General, on the brief).

The opinion of the court was delivered by

SIMONELLI, J.A.D.

This appeal involves an anonymous requestor of records pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, and alternatively under the common law right of access, who seeks to remain anonymous when litigating in the Superior Court. We conclude there is no statutory authorization, rule authorization or compelling reason permitting A.A. to prosecute this matter anonymously. We also conclude that the trial judge properly dismissed the complaint for failure to comply with Rule 4:67.

I.

The limited facts provided in the record are straightforward. Plaintiff A.A., through his attorney, made an OPRA request to the Monmouth County Prosecutor's Office for records relating to the investigation of a municipal employee who allegedly stole an electric generator from the Township of Middletown. The attorney also requested a Vaughn[1] index. The Prosecutor denied both requests. Within forty-five days of the denials, A.A. filed a complaint in lieu of prerogative writs in

_____

[1] Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C. Cir. 1973), cert. denied, 415 U.S. 977, 94 S. Ct. 1564, 39 L. Ed. 2d 873 (1974).

the Superior Court, anonymously, alleging a violation of OPRA and also the common law right of access.

A.A. filed a motion for an order requiring the Prosecutor to identify and preserve the requested records. Defendants filed a cross-motion for an order dismissing the complaint pursuant to Rule 4:26-1 for A.A.'s failure to prosecute in the name of the real party in interest.

The motion judge denied A.A.'s motion and sua sponte dismissed the complaint for A.A.'s failure to file an order to show cause (OTSC) and verified complaint, as required by Rule 4:67. In a comprehensive written opinion, relying on N.J.S.A. 47:1A-6, MAG Entm't, LLC v. Div. of Alcoholic Beverage Control, 375 N.J. Super. 534 (App. Div. 2005), and Mason v. City of Hoboken, 196 N.J. 51 (2008), the judge reasoned that OPRA actions must be brought in a summary manner, and that Rule 4:67 requires the filing of an OTSC and verified complaint. The judge noted that A.A. could submit a new OPRA request and then file a new action in compliance with Rule 4:67, if necessary.

Addressing the merits, the judge assumed that N.J.S.A. 47:1A-5(i) permits a person to request records anonymously, and that the Government Records Council (GRC) accepts and decides OPRA appeals that are filed anonymously. The judge determined, however, that neither N.J.S.A. 47:1A-5(i) nor any other OPRA

provision permits the filing of an anonymous complaint in the Superior Court. The judge also determined there is no court rule permitting an anonymous filing in OPRA cases, and our Supreme Court has not adopted such a rule pursuant to the authority granted by N.J.S.A. 47:1A-12. Rather, the judge concluded that Rule 1:4-1(a) requires a complaint in a civil action to include the names of all parties, and Rule 4:26-4 does not permit a plaintiff to file a complaint with fictitious names.

The judge explained, in detail, why this case presented no compelling reason to permit an anonymous filing. The judge determined that Rule 1:4-1 and Rule 1:36-3

> were designed to protect the identity of victims and not a party who merely refuses to identify itself without an asserted basis. The technique of using initials instead of names is not appropriate, however, for the sole purpose of concealing the identity of a well-known person who is a party to a type of proceeding in which participant's names are routinely used.
>
> [Citing Pressler & Verniero, Current N.J. Court Rules, comment on R. 1:4-1 and comment 6 on R. 1:36-3 (2013).]

Relying on A.B.C. v. XYZ Corp., 282 N.J. Super. 494, 499-500 (App. Div. 1995), the judge concluded as follows:

> [A.A.'s] failure and outright refusal to identify itself is not permissible under the Court Rules and corresponding case law. Without an identifiable plaintiff, neither

personal jurisdiction nor potential conflicts can be assessed. Even if [A.A.] had properly applied for the right to proceed anonymously, [A.A.] has offered no justification sufficient to persuade this [c]ourt that the present matter is one of "rare circumstance," outweighing the public policy in favor of disclosure and open proceedings.

Finally, the judge observed that although N.J.S.A. 47:1A-5(i) permits a person to make an anonymous OPRA request to the GRC, that right is limited. Citing N.J.S.A. 47:1A-2.2(c) and -3, the judge noted that a custodian is not required to comply with an anonymous request for records pertaining to an investigation in progress by a public agency.[2]

## II.

On appeal, A.A. challenges the sua sponte dismissal of his complaint. He argues that Mason does not permit dismissal merely because an OTSC was not filed.[3] We disagree.

---

[2] See also N.J.S.A. 47:1A-1.1 (stating that "[a] government record shall not include the following information which is deemed to be confidential . . . criminal investigatory records"). In addition, a custodian is not required to respond to an anonymous OPRA request "until the requestor appears before the custodian seeking a response to the original request." N.J.S.A. 47:1A-5(i).

[3] We reject A.A.'s additional contention that he was denied an opportunity to amend his complaint or identify himself in camera. At oral argument before the motion judge, A.A.'s attorney declined the judge's offer to disclose A.A.'s identity. In this appeal, A.A. states in his merits brief that even if the judge had afforded him another opportunity to disclose his
(continued)

A person who is denied access to government records requested under OPRA may challenge that denial in the Superior Court.  N.J.S.A. 47:1A-6.[4]  OPRA requires that "[a]ny such proceeding shall proceed in a summary or expedited manner." Ibid.; see also R. 4:67-1(a) (applying the summary action rule "to all actions in which the court is permitted by rule or statute to proceed in a summary manner"); MAG Entm't, supra, 375 N.J. Super. at 550.  Accordingly, an OPRA complaint must be filed in accordance with Rule 4:67-2(a), which requires the filing of an OTSC and verified complaint in a summary action.

A.A. did not file an OTSC and verified complaint, as required by Rule 4:67-2(a).  The lack of a verified complaint renders the complaint a nullity, and a non-verified complaint is

---

(continued)
identity "it is unlikely that he would have elected to do so." In addition, the October 18, 2013 order dismissing the complaint was not, and could not be, a dismissal with prejudice. A dismissal based on the court's procedural inability to consider a case is without prejudice. Watkins v. Resorts Intern. Hotel & Casino, Inc., 124 N.J. 398, 416 (1991).  Accordingly, A.A. could have filed a motion to amend the complaint to identify himself. He chose, instead, to file this appeal.

[4]  In lieu of filing an action in Superior Court, the person may file a complaint with the GRC.  N.J.S.A. 47:1A-6.  The GRC has jurisdiction only over OPRA requests and not common-law claims for public records.  See Ciesla v. N.J. Dept. of Health, 429 N.J. Super. 127, 146-49 (App. Div. 2012).  Common law right of access claims must be brought in the Superior Court.  Id. at 148 (citing Serrano v. So. Brunswick Twp., 358 N.J. Super. 352, 373 (App. Div. 2003)).

insufficient to invoke the court's jurisdiction in an action requiring a verified complaint. Pressler & Verniero, Current N.J. Court Rules, comment to R. 1:4-7 (2015). Accordingly, the judge properly dismissed the complaint on procedural grounds.

III.

A.A., the Prosecutor, and the amicus raise several policy issues regarding a person's right to prosecute an action in the Superior Court anonymously. Ultimately, these issues are for the Court to decide. For the reasons that follow, we conclude that A.A. may not proceed anonymously in this case.

As A.A. points out, OPRA mentions the possibility of "an anonymous request." See N.J.S.A. 47:1A-2.2(c) (providing that "a custodian shall not comply with an anonymous request for a government record [containing personal information] which is protected under the provisions of this section"); N.J.S.A. 47:1A-5(f) (providing that "[t]he custodian may require a deposit against costs for reproducing documents sought through an anonymous request whenever the custodian anticipates that the information thus requested will cost in excess of $5 to reproduce."). N.J.S.A. 47:1A-5(i) also states that "[i]f the requestor has elected not to provide a name, address, or telephone number, or other means of contacting the requestor, the custodian shall not be required to respond until the

requestor reappears before the custodian seeking a response to the original request."  Even assuming that OPRA permits an anonymous request to a custodian or the GRC, OPRA does not authorize an anonymous filing in the Superior Court.  Unlike other statutes, where the Legislature has expressly permitted litigants in certain types of matters to proceed anonymously, the Legislature has not granted that right to OPRA requestors.  See, e.g., N.J.S.A. 2A:61B-1(f)(1) (civil actions involving child victims of sexual abuse); N.J.S.A. 2A:82-46(a) (criminal actions involving child victims of sexual assault or abuse).  In addition, there is no court rule authorizing a person to proceed anonymously in an OPRA action in the Superior Court.

A complaint in a civil action must include the names of all parties.  R. 1:4-1(a).  "In the absence of statutory or rule authorization or some compelling reason, a party will not be permitted to prosecute a civil action anonymously or by pseudonym[.]"  Pressler & Verniero, Current N.J. Court Rules, comment 2.3 on R. 1:2-1 (2015); see also A.B.C., supra, 282 N.J. Super. at 500.  The requirement that a litigant provide his, her, or its identity serves important systemic functions.  Among other things, the identity of a litigant may bear on such important matters as jurisdiction, issue preclusion, claim preclusion, attorney conflict of interest, enforcement or a

compliance with court orders, and sanctions.  With respect to common law right of access claims, the court often has to balance the plaintiff's claim of an overriding need for the records against the government's interests opposing turnover. Edu. Law Cntr. v. N.J. Dep't of Educ., 198 N.J. 274, 302-03 (2009).

Absent a statute or court rule mandating anonymity in court proceedings, a litigant must show good cause to proceed anonymously or by pseudonym.  T.S.R. v. J.C., 288 N.J. Super. 48, 56 (App. Div. 1996); A.B.C., supra, 282 N.J. Super. at 505. The litigant may file a non-anonymous complaint and move, on notice to opposing counsel, to seek to seal all or parts of the record pursuant to Rule 1:38-11.  The litigant must show compelling circumstances why identification would be improper. A.B.C., supra, 282 N.J. Super. at 505.  Once the litigant shows such compelling circumstances, the court must weigh the litigant's privacy interest against constitutional and public interest in open judicial proceedings.  Ibid.

A.A. provides no persuasive reason to deem these concerns inapplicable or unimportant in an OPRA case or a common law right of access case.  Although we are mindful that some requestors of government records may wish to remain anonymous out of concern about possible retaliatory action or harm that

may ensue from public notoriety, those potential concerns do not justify litigants deciding for themselves whether they wish to withhold their identities when seeking relief in the Superior Court. In rare instances when such concerns about retaliatory action or the collateral consequences of disclosure are significant and substantiated, the litigant can file a motion pursuant to Rule 1:38-11. A.A. made no such motion here. Instead, he improperly and unilaterally assumed he had a right to remain anonymous from the inception of the lawsuit.

A.A. has presented no reason, let alone a compelling reason, why he should be permitted to proceed anonymously. He has not shown that his case falls within those rare instances where the court permitted anonymous filing in a civil case. See G.D. v. Kenny, 205 N.J. 275 (2011) (defamation action arising from an expungement); Application of X, 59 N.J. 533 (1971) (gun permit applications); M.H.B. v. H.T.B., 100 N.J. 567 (1985) (matters involving children); Fireman's Fund Ins. Co. v. Imbesi, 361 N.J. Super. 539 (App. Div.), certif. denied, 178 N.J. 33 (2003) (sexual harassment where the victim contracted a venereal disease); In re A.I., 303 N.J. Super. 105 (App. Div. 1997) (Megan's Law); In re Return of Weapons to J.W.D., 290 N.J. Super. 451 (App. Div. 1996), aff'd in part, rev'd in part, 149 N.J. 108 (1997) (domestic violence); T.S.R., supra, 288 N.J.

Super. 48 (child victims of sexual abuse); J.W.P. v. W.W., 255 N.J. Super. 1 (App. Div. 1991) (paternity); C.J. v. Vuinovich, 252 N.J. Super. 122 (App. Div. 1991) (permitting use of initials to protect the identity of an AIDS patient whose disease was material to the cause of action); In re Adoption of Indian Child, 219 N.J. Super. 28 (App. Div. 1987), aff'd, 111 N.J. 155 (1988) (juvenile actions and adoptions); and In re L.B., 369 N.J. Super. 354 (Law Div. 2004) (expungement). As we have stated,

> [a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of a plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.
>
> [A.B.C., supra, 282 N.J. Super. at 502 (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)).]

A.A.'s case is not an exceptional case compelling anonymity. A.A. has not demonstrated that this case involves matters of a highly sensitive and personal nature or a real danger of physical harm, and A.A. does not claim he would suffer the injury litigated against if his identity were disclosed in the complaint. Accordingly, because there is no statutory

authorization, rule authorization, or compelling reason, A.A. may not proceed anonymously in this matter.

Having reached this conclusion, we need not address whether the requested records are exempt from disclosure as criminal investigatory records.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12                                                              A-0946-13T3