NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5089-14T2

RICHARD SPILLANE,

 Appellant,

v.

NEW JERSEY STATE PAROLE BOARD,

 Respondent.
_________________________________

 Submitted September 11, 2017 – Decided September 21, 2017

 Before Judges Messano and Vernoia.

 On appeal from the Government Records Council,
 Complaint No. 2014-169.

 Richard Spillane, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent New Jersey State
 Parole Board (Lisa A. Puglisi, Assistant
 Attorney General, of counsel; Gregory R.
 Bueno, Deputy Attorney General, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent Government Records
 Council (Debra A. Allen, Deputy Attorney
 General, on the statement in lieu of brief).

PER CURIAM
 Appellant Richard Spillane appeals from a decision of the

Government Records Council (GRC) finding the New Jersey State

Parole Board lawfully denied his request for access to a mental

health evaluation report under the Open Public Records Act (OPRA),

N.J.S.A. 47:1A-1 to -13. Because we are convinced the GRC correctly

determined the requested report was exempt from disclosure under

OPRA, we affirm.

 Appellant is an inmate serving a life sentence in the custody

of the New Jersey Department of Corrections. He was denied parole

by the New Jersey State Parole Board and, in a separate appeal,

challenges the Parole Board's decision.

 A mental health evaluation of appellant was performed at the

Parole Board's direction for its use in connection with his parole

proceeding. Appellant filed an OPRA request with the Parole Board

seeking a copy of the mental health evaluation report.1 The Parole

Board denied the request claiming the report was exempt from

disclosure under OPRA.

 Appellant filed a complaint with the GRC asserting the Parole

Board's denial of access to the report violated OPRA. Following

the exchange of submissions by appellant and the Parole Board, the

GRC's executive director made findings and recommendations. The

1
 Appellant also requested other items that are not at issue here.

 2 A-5089-14T2
executive director found the report constituted a medical,

psychiatric, or psychological record that was exempt from

disclosure under OPRA and recommended that the GRC determine the

Parole Board lawfully denied access to the report. In its final

decision, the GRC adopted the executive director's findings and

recommendation. This appeal followed.

 We review the GRC's decision under the same standard we apply

to the review of any other state agency decision. Fisher v. Div.

of Law, 400 N.J. Super. 61, 70 (App. Div. 2008). The determinations

and findings of an administrative agency will not be set aside

absent "a clear showing that (1) the agency did not follow the

law; (2) the decision was arbitrary, capricious, or unreasonable;

or (3) the decision was not supported by substantial evidence."

In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need,

194 N.J. 413, 422 (2008) (citing In re Herrmann, 192 N.J. 19, 28

(2007)). "[U]nder our deferential standard of review, we give

weight to the GRC's interpretation of OPRA." McGee v. Twp. of E.

Amwell, 416 N.J. Super. 602, 616 (App. Div. 2010). This deference

is appropriate in light of the specialized or technical expertise

of the agency charged with administration of a regulatory system.

In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 488-89

(2004).

 3 A-5089-14T2
 Appellant first contends GRC's determination that the report

is exempt from disclosure is inconsistent with the policies

underlying OPRA's requirements. Appellant relies on Burnett v.

Cty. of Bergen, 198 N.J. 408, 414 (2009), where our Supreme Court

explained that OPRA is intended to provide access to government

records and protect a citizen's personal information. He asserts

that neither of those policies are furthered by the Parole Board's

denial of his access to a mental health evaluation report about

himself and, for that reason, the GRC decision violates OPRA. We

disagree.

 Although the Court in Burnett described OPRA's purposes and

noted OPRA required that "government records 'shall be readily

accessible' to the citizens of this State," it also recognized

that access to government records under OPRA was "subject to

certain exceptions." Ibid. Here, the GRC correctly determined

appellant was not entitled to the report because the report is

exempted from disclosure under OPRA.

 N.J.S.A. 47:1A-1 declares it is the public policy of this

State that government records shall be readily accessible. OPRA

does not, however, require or permit access to all government

records. N.J.S.A. 47:1A-1 bars access to records that are exempt

from disclosure under OPRA and "any other statute, resolution of

either or both houses of the Legislature, regulation promulgated

 4 A-5089-14T2
under the authority of any statute or Executive Order of the

Governor[,] Executive Order of the Governor, Rules of Court, any

federal law, federal regulation, or federal order." Ibid.

(emphasis added).

 Similarly, N.J.S.A. 47:1A-9 further identifies records that

are exempt from disclosure under OPRA. In pertinent part, it

provides that OPRA

 shall not abrogate any exemption of a public
 record or government record from public access
 heretofore made pursuant to P.L. 1963, c. 93
 [OPRA]; any other statute; resolution of
 either or both Houses of the Legislature;
 regulation promulgated under the authority of
 any statute or Executive Order of the
 Governor; Executive Order of the Governor;
 Rules of Court; any federal law; federal
 regulation; or federal order.

 [N.J.S.A. 47:1A-9(a) (emphasis added).]

 The GRC determined that the Parole Board lawfully denied

access to the mental health evaluation report under N.J.S.A. 47:1A-

9 because the report was exempt from disclosure under Executive

Order No. 26 which was issued by Governor James E. McGreevey in

2002. The executive order expressly provides that "[i]nformation

relating to [an individual's] medical, psychiatric or

psychological history, diagnosis, treatment or evaluation" "shall

not be considered to be government records" under OPRA. Exec.

Order No. 26 (Aug. 13, 2002), 34 N.J.R. 3043(b)-44 (Sept. 3, 2002).

 5 A-5089-14T2
 The GRC also determined appellant was not entitled to access

to the report under N.J.A.C. 10A:71-2.2, which regulates the

disclosure of information by the Parole Board. The regulation

prohibits the Parole Board's disclosure of records that are exempt

from disclosure under OPRA, and also exempts from disclosure the

following records: "[i]nformation, files, documents, reports,

records or other written materials concerning an offender's

medical, psychiatric or psychological history, diagnosis,

treatment or evaluation." N.J.A.C. 10A:71-2.2.

 We discern no basis to reverse the GRC's reliance on Executive

Order No. 26 or N.J.A.C. 10A:71-2.2 to support its determination

that the requested report was exempted from disclosure under

N.J.S.A. 47:1A-1 and -9. The plain language of the executive order

and regulation rendered the report exempt from disclosure under

OPRA. N.J.S.A. 47:1A-1 and -9. Thus, the GRC correctly determined

that the Parole Board lawfully denied appellant access to the

report under OPRA.

 We are not persuaded by appellant's contention he was entitled

to the report under OPRA because the report was about himself.

OPRA provides a vehicle for public access to government records.

See N.J.S.A. 47:1A-1 (providing that government records "shall be

subject to public access"); N.J.S.A. 47:1A-9 (describing records

that are exempt from "from public access" under OPRA). OPRA does

 6 A-5089-14T2
not afford appellant a right of personal access to government

records that are subject to OPRA's exceptions or exemptions. See

MAG Entertainment, LLC v. Div. of Alcohol Beverage Control, 375

N.J. Super. 534, 546 (App. Div. 2005) (finding "OPRA provides an

alternative means of access to government documents not otherwise

exempted from its reach"). As a result, appellant's claimed

entitlement to a report which is exempt from disclosure under OPRA

finds no support in the statute.

 We also reject appellant's assertion that the GRC's

application of OPRA's requirements deprived him of due process

rights in the parole proceeding before the Parole Board. The GRC

has "jurisdiction to adjudicate all complaints about denial of

access to a 'government record' based on OPRA." Paff v. N.J. Dep't

of Labor, Bd. of Review, 379 N.J. Super. 346, 353 (App. Div. 2005);

see also A.A. v. Gramiccioni, 442 N.J. Super. 276, 282 n.4 (App.

Div. 2015) (explaining "[t]he GRC has jurisdiction only over OPRA

requests"); accord Ciesla v. N.J. Dep't. of Health, 429 N.J. Super.

127, 146-49 (App. Div. 2012). Here, the GRC exercised its limited

jurisdiction to adjudicate only appellant's allegation that the

Parole Board violated OPRA by denying access to the report.

 The GRC did not decide, nor could it, that appellant had a

due process right to the production of the report in his parole

proceeding before the Parole Board. See N.J.S.A. 47:1A-9 (granting

 7 A-5089-14T2
the GRC jurisdiction to render a decision as to whether a requested

record is a government record that must be accessible to the public

under OPRA). Appellant's parole hearing was the subject of a

separate proceeding before a different agency, the Parole Board,

and appellant's appeal the Parole Board's decision is the subject

of a separate proceeding before this court.

 We do not offer an opinion as to whether appellant had a

right of access to the report, independent of OPRA's requirements,

in his parole proceeding. See MAG Entertainment, supra, 375 N.J.

Super. at 543 (explaining that a litigant may obtain records

through OPRA, the common law right to know, and under the discovery

rules applicable to a proceeding). We decide only that the GRC

correctly determined the Parole Board properly denied appellant

access to the report under OPRA.

 Appellant's remaining arguments are without sufficient merit

to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 8 A-5089-14T2