**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2990-22

AFRICAN AMERICAN DATA
AND RESEARCH INSTITUTE
(AADARI) and OBAFEMI
(BAFFI) SIMMONS,

     Plaintiffs-Appellants,

v.

JEANNE HITCHNER,
CITY OF MILLVILLE, and
CITY OF MILLVILLE
POLICE DEPARTMENT,

     Defendants-Respondents.

_____

       Submitted April 15, 2024 – Decided August 29, 2024

       Before Judges Gilson and Bishop-Thompson.

       On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0736-20.

       Rotimi A. Owoh, attorney for appellants.

       Brock D. Russell, LLC, attorneys for respondents (Brock D. Russell, on the brief).

PER CURIAM

Plaintiffs appeal a June 5, 2023 order denying their motion to amend an unverified complaint. We conclude an unverified complaint found to be a nullity cannot be cured by an amended verified complaint. Therefore, we affirm.

This matter returns to us after we reversed and vacated an order denying defendants' motion to involuntarily dismiss plaintiffs' Order to Show Cause (OSC) and unverified complaint pursuant to Rule 4:37-2(b). African American Data and Research Institute v. City of Millville, No. A-1592-20 (April 20, 2023). In their initial complaint, plaintiffs sought to compel access to certain documents under the Open Public Records Act (OPRA), N.J.S.A. 47A-1 to -13. In the prior appeal, we concluded that plaintiffs had failed to verify their complaint and, therefore, the action was not properly instituted and the court lacked subject matter jurisdiction. Id. at 9.

The parties are well versed in the protracted litigation history of this matter, so we need not restate the tortured history in this opinion. Immediately following our decision, plaintiffs moved to amend the complaint and annexed the proposed OSC and amended verified complaint. In support of the motion to amend the complaint, plaintiffs submitted the certification of AADRI officer and representative Grace Woko dated April 24, 2023. Woko attested plaintiffs'

2

counsel was authorized to file the amended complaint, and if necessary, an appeal on behalf of plaintiffs. Defendants opposed the motion. After oral argument, the court rendered an oral opinion denying plaintiffs' motion. The court stated: "Absent a remand and/or other direction from the Appellate Division, this court does not find that it has jurisdiction to entertain the present application."

On appeal, plaintiffs raise the following contentions for our consideration: the trial court erred in denying the motion to amend because the dismissal is without prejudice; the motion was not untimely because of the relation back doctrine and the doctrine of accommodation; the case was held in abeyance pending the issuance of an appellate decision; the complaint could be amended after an appeal; the governing principles favor adjudication of cases on the merits; the amended complaint was supported by the proper verification; and the trial court had jurisdiction to grant the motion to amend the complaint.

I.

We first address the issue of mootness raised by defendants in opposition to this appeal. "Courts normally will not decide issues when a controversy no longer exists, and the disputed issues have become moot." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010). "A case is technically moot

A-2990-22

when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." Ibid. (quoting DeVesa v. Dorsey, 134 N.J. 420, 428 (1993) (Pollock, J., concurring)). Simply stated, "[a]n issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (internal quotation marks omitted) (quoting N.Y. Susquehanna & W. Ry. Corp. v. State, Dep't of Treasury, 6 N.J. Tax 575, 582 (Tax 1984), aff'd, 204 N.J. Super. 630 (App. Div. 1985)). Defendants' challenge of the appeal on mootness is incongruous to our ruling that the initial complaint was a nullity because no verification was filed with the initial complaint.

We, therefore, address the merits of plaintiffs' appeal. The gravamen of plaintiffs' contention on appeal is that the trial court order denying its motion for leave to amend the complaint constituted an abuse of discretion. Relying on Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 456 (1998), plaintiffs contend that liberal application of the rule permits the amendment of the complaint at any time, defendants would not suffer any prejudice, and the verification was provided at its first opportunity. Plaintiffs misperceive the application of Konan to these facts and the argument is unconvincing.

4

Under Rule 4:9-1, a motion seeking to amend a complaint always rests in the court's sound discretion. Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501-02 (2006) (quoting Kernan, 154 N.J. at 456-57). We, therefore, review a trial court's decision to grant or deny a motion to amend the complaint for abuse of discretion. Port Liberte II Condo. Ass'n v. New Liberty Residential Urb. Renewal Co., 435 N.J. Super. 51, 62 (App. Div. 2014). "That exercise of discretion requires a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Notte, 185 N.J. at 501.

Applying the requisite standard, we discern the court did not abuse its discretion in denying plaintiffs' motion to amend its complaint. As we noted in our decision, the initial unverified complaint was a nullity. A.A. v. Gramiccioni, 442 N.J. Super. 276, 282 (2015). The initial complaint was a nullity and never existed, and "an amended complaint cannot relate back to something that never existed, nor can a nonexistent complaint be corrected." Repko v. Our Lady of Lordes Medical Center, Inc., 464 N.J. Super 570, 575 (App. Div. 2020) (quoting Davenport v. Lee, 348 Ark. 148 (Ark. 2002)). Thus, plaintiffs' proposed amendment was fatally flawed.

A-2990-22

Plaintiffs also contend that Rule 4:9-2, the relation back rule, applies. We reject that contention. "The 'relation back' rule cannot cure the failure to file a valid complaint in the first instance." Repko, 464 N.J. Super at 576.

On this record, we discern no abuse of discretion in the court's decision to deny plaintiffs' motion to amend the complaint and we affirm the denial of plaintiffs' motion to amend the complaint. To the extent that plaintiffs have a course of action, it would involve filing a new action. We offer no view on whether a new action would be timely.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2990-22