**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0037-24

Z.M.,[1]

    Plaintiff-Appellant,

v.

K.M.,

    Defendant-Respondent.

_____

        Submitted November 10, 2025 – Decided November 24, 2025

        Before Judges Sabatino and Walcott-Henderson.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-2321-16.

        Z.M., self-represented appellant.

        Respondent has not filed a brief.[2]

---

[1] We use initials to protect the confidentiality of the minors' health care and therapy. R. 1:38-3(d)(3).

[2] Szaferman, Lakind, Blumstein & Blader, PC, attorneys for respondent (Terryann K. Bradley, of counsel, filed a letter of non-participation).

PER CURIAM

In this appeal in a matrimonial case, plaintiff Z.M. ("the father") seeks reversal of several post-judgment rulings by the Family Part judge concerning reimbursement of disputed expenses relating to the parties' children. The children's mother, defendant K.M., has elected not to participate in the appeal.

The relevant facts were developed at a hearing before the Family Part judge on June 5, 2024, where both parties testified. The parties divorced in 2017 and have two minor children. The Marital Settlement Agreement ("MSA") they entered into specifies that the parties would equally split the costs of the children's health insurance (section 4.1) and tutoring for the PSAT and other tests related to college preparation (section 5.4). An addendum to the MSA also specifies that notice must be given about expenses over $100 and receipts must be submitted for verification.

The three categories of expenses at issue in the relevant motion practice before the Family Part judge concerned: (1) summer camp expenses paid by the father; (2) health insurance premiums; and (3) PSAT tutoring for the parties' son. The father also moved for reconsideration under Rule 4:49-2 of a final order that had been entered four months earlier on February 16, 2024, regarding a separate issue about an alleged error in calculating therapy expenses.

A-0037-24

The first issue need not concern us because the court granted the father's motion to be reimbursed by the mother $5,542 in summer camp expenses, and the mother has not cross-appealed from that award.

As to the second and third items, the father contends the court erred in applying offsets against his summer camp expense recovery for a share of health insurance premiums and a share of the PSAT tutoring. He argues that he should not be responsible for those costs based on estoppel, laches, and other equitable principles.

However, case law makes clear that equitable doctrines generally do not relieve parents from fulfilling their inherent obligations to support their minor children. See, e.g., L.V. v. R.S., 347 N.J. Super. 33, 40 (App. Div. 2002) (recognizing that the doctrine of laches generally does not apply to a parent's delayed request for child support); J.W.P. v. W.W., 255 N.J. Super. 1, 3 (App. Div. 1991) (ruling that parents obligated to pay child support cannot utilize the doctrine of equitable estoppel to avoid their obligations). The right to child support belongs to the child and "cannot be waived by [a] custodial parent." Martinetti v. Hickman, 261 N.J. Super. 508, 512 (App. Div. 1993). Hence, the equitable and procedural arguments the father raises to avoid paying his calculated shares of the health care costs and tutoring are unavailing.

A-0037-24

With respect to the children's health insurance premiums, the record shows the parents chose to have the coverage paid for through a policy arranged by the mother's boyfriend. That decision was based on a mistaken belief that the policy was cheaper than another option available through the father's employer. It turned out the premiums under the boyfriend's insurance were actually more costly than anticipated, so the father was asked to increase his contribution for the payments he had made over the ten preceding months without advance notice. After being notified about the higher premiums, he halted payments entirely.

The judge ordered the father to pay his half of the premiums for the preceding four months, after he had been informed of the actual cost. However, the judge relieved the father from the responsibility to pay a share of the premiums during the months in which he was unaware of that higher cost. The net result ordered by the judge was an offset of $1,488; $1,000 less than the $2,488 that had been sought from the father by the mother.

We discern no reason to disturb the judge's compromise of this expense issue. The judge acted within her wide discretion in the Family Part to render a fair decision that is tailored to the parties' circumstances. See Mitchell v.

A-0037-24

<u>Oksienik</u>, 380 N.J. Super. 119, 130 (App. Div. 2005) (noting the Family Part's well-established discretion).

We next turn to the PSAT tutoring costs. The tutoring was provided by the mother's former boyfriend, who billed his time on an hourly basis. The father claimed he thought the tutoring was being provided free of charge. Texts between the father and mother placed into evidence reflect he did not approve of this particular tutor.

The mother sought the father to pay $2,450 for his share of the tutoring bills. The judge reduced that allocated share significantly to $520. The judge calculated that sum by averaging the boyfriend's invoiced rate with the rate commercially charged by a prominent test preparation company and essentially took judicial notice of the private firm's advertised rate in her decision without giving the parties an opportunity to object as required under N.J.R.E. 201. Although the judge was surely well-meaning and was disadvantaged by the parties' failure to present market-rate tutoring charges as evidence, judicial notice nonetheless was improperly taken. <u>See</u> <u>State v. Silva</u>, 394 N.J. Super. 270, 275 (App. Div. 2007). We are constrained to remand the case on that very limited, discrete issue, and instruct the court to afford all parties an opportunity

A-0037-24

to object to the referenced commercial rate for tutoring, and, if they wish, present evidence of rates from other vendors.

The court justifiably denied the father's post-decision motion for reconsideration of the February 16, 2024, order regarding therapy costs under Rule 4:49-2. Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021). That order was final and subject to the twenty-day deadline of the rule. The father did not move belatedly for reconsideration until several months later.

Lastly, it is clear the judge acted within her sound discretion in denying the father a shifting of counsel fees and costs under Rule 4:42-9(a)(1). The judge had a presumptive first-hand opportunity to be aware of the parties' respective financial situations. She recited sound reasons for declining to shift fees and costs from the father to the mother.

All other arguments raised on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed in part, vacated in part, and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-0037-24