**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1861-24

AFRICAN AMERICAN DATA
AND RESEARCH INSTITUTE
(AADARI),

     Plaintiff-Appellant,

v.

JEANNE HITCHNER, CITY OF
MILLVILLE POLICE
DEPARTMENT, and CITY OF
MILLVILLE,

     Defendants-Respondents.

_____

        Submitted March 12, 2026 – Decided May 18, 2026

        Before Judges Marczyk and Bishop-Thompson.

        On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0508-24.

        Rotimi A. Owoh, attorney for appellant.

        Brock D. Russell, attorney for respondents.

PER CURIAM

Plaintiff African American Data and Research Institute ("AADARI") appeals from the following orders: the October 29, 2024 dismissal of its complaint challenging the partial denial of record requests under both the common law right of access and the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13; the December 5, 2024[1] order granting reconsideration to provide clarification on standing and denying reconsideration of the dismissal of its complaint; and the February 18, 2025 order denying reconsideration of the December 5, 2024 order. We conclude the trial court did not err in dismissing the complaint and denying reconsideration, as the complaint was untimely and plaintiff did not establish Grace Woko had been appointed as an officer. Accordingly, we affirm all orders.

The parties are well acquainted with the extensive four-year litigation, thus a brief overview will suffice. In our single opinion addressing three consolidated appeals, we reversed the trial court's ruling not to dismiss the three underlying unverified complaints and remanded for the entry of an order dismissing those complaints with prejudice. Afr. Am. Data and Rsch. Inst.

_____

[1] The order appears to have a typographical error, listing the date as December 5, 2024. We discern from the record the trial judge issued his oral decision on December 6, 2024.

A-1861-24

(AADARI), LLC v. Hitchner, No. A-0247-22 (App. Div. Apr. 11, 2024) (slip op. at 13).

Plaintiff later moved to amend the unverified complaint and verify it with a certification from Woko, dated April 24, 2023, as its officer and representative. We affirmed the trial court's dismissal of the amended complaint, holding the "unverified complaint found to be a nullity cannot be cured by an amended verified complaint." Afr. Am. Data and Rsch. Inst. (AADARI) v. Hitchner, No. A-2990-22 (App. Div. Aug. 29, 2024) (slip op. at 2). We stated: "To the extent that plaintiffs have a course of action, it would involve filing a new action. We offer no view on whether a new action would be timely." Id. (slip op. at 6).

On September 3, 2024, plaintiff filed an Order to Show Cause (OTSC) and complaint, again challenging the denial of access to documents from 2020. Woko executed a second verification dated August 31, 2024, attesting she is of sound mind and, as plaintiff's officer and representative, has "personal knowledge of the facts in this matter." She also authorized plaintiff's counsel to file the complaint and pursue an appeal.

Defendants moved to dismiss the complaint, arguing it was untimely under Rule 4:69-6(a). On October 29, 2024, the trial court granted the motion

and dismissed the complaint as untimely. However, the court did not address whether Woko had standing to file the complaint on plaintiff's behalf.

Plaintiff moved for reconsideration. On December 5, 2024, the court granted the motion, but only to address the issue of standing. After a hearing, the court again dismissed the complaint, determining plaintiff's submissions did not show Woko was properly appointed as an officer. The court also reaffirmed the complaint was untimely.

Plaintiff filed a second motion for reconsideration, arguing the court had failed to consider its reply brief filed on December 4, 2024. On February 18, 2025, the court again denied the motion, finding plaintiff filed the reply brief to defendants' opposition two days before the December 6, 2024 return date, in disregard of Rule 1:6-3(a), and without providing an explanation or requesting an extension. The court also rejected plaintiff's argument the December 4 submission was timely for the second motion for reconsideration, finding it was an improper attempt to extend the twenty-day filing deadline for a motion for reconsideration.

On appeal, plaintiff raises several arguments for our consideration. First, it contends our decision in No. A-2990-22 implies standing, and relitigation of this issue is barred by res judicata, collateral estoppel, and the law of the case

doctrines. Plaintiff argues, as a corporation, it has standing. Additionally, it asserts the complaint was properly filed within forty-five days, citing Mason v. City of Hoboken, 196 N.J. 51 (2008), and equitable principles warrant reversal.

Plaintiff further argues the court's reliance on Casser v. Township of Knowlton, 441 N.J. Super. 353 (App. Div. 2015), was misplaced. It contends N.J.S.A. 47:1A-6 refers only to the initiation of a proceeding and is distinct from the court's jurisdiction to enter a valid order or judgment against a defendant. Plaintiff also asserts Woko qualifies as a "person" under OPRA, and the court erred in denying reconsideration because defendants did not submit evidence Woko is not a person. Finally, plaintiff argues defendants have not met the clear and convincing burden of proof required to establish O.S.[2] is incompetent.

We review a trial court's decision to dismiss a case under Rule 4:69-6 for abuse of discretion. Newark Morning Ledger v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 158-59 (App. Div. 2011). Motions for reconsideration are likewise reviewed for a clear abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). To show an abuse of discretion, the moving party must demonstrate the decision was "made without a rational explanation, inexplicably departed from established

---

[2] We use initials to protect the identity of the incompetent person.

policies, or rested on an impermissible basis." Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 437 (App. Div. 2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).  However, the issue of standing is a question of law that we review de novo.  Cherokee LCP Land, LLC v. City of Linden Plan. Bd., 234 N.J. 403, 414 (2018).

It is well-settled "an OPRA complaint must be filed in accordance with Rule 4:67-2(a), which requires the filing of an OTSC and verified complaint in a summary action."  A.A. v. Gramiccioni, 442 N.J. Super. 276, 282 (App. Div. 2015).  That shall proceed in a "summary or expedited manner" under N.J.S.A. 47:1A-6.  Mason, 196 N.J. at 69.  "This goal is consistent with a [forty-five]-day statute of limitations, rather than an open-ended or multi-year period."  Id. Plaintiff did not file this action within that forty-five-day time frame; instead, it initiated the action nearly four years later after the original deadline had passed. We see no abuse of discretion in the trial court's decision to dismiss plaintiff's complaint.  To the extent we have not addressed plaintiff's enlargement of the forty-five-day window under Rule 4:69-6(c), it is because our disposition on the statute of limitations makes it unnecessary to do so.

Nonetheless, we briefly address the issue of standing for the sake of completeness.  To have standing, a plaintiff must have the "ability to invoke

[the] authority" of a court "to decide a controversy." Repko v. Our Lady of Lourdes Med. Ctr., Inc., 464 N.J. Super. 570, 575 (App. Div. 2020). We previously concluded plaintiff lacked standing because it conceded O.S., plaintiff's sole surviving member, suffered from a mental illness and lacked capacity. AADARI, No. A-0247-22 (slip op. at 10-13).

Plaintiff's attempt to cure the deficiency of an unverified complaint is fruitless. It has not provided a new operating agreement with the consent of O.S. in accordance with N.J.S.A. 42:2C-31(c). Nor has plaintiff established Woko was duly elected or became an officer by any other means in accordance with its bylaws under N.J.S.A. 14A:6-15(1). We conclude the trial court properly exercised its discretion in ruling Woko lacked standing.

Finally, we reject plaintiff's contention the court erred in denying its motion for reconsideration. The record demonstrates plaintiff's motion was an attempt to relitigate the initial motion. It is well established "[r]econsideration cannot be used to expand the record and reargue a motion." Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (quoting R. 4:49-2). Since plaintiff did not present any new evidence previously unavailable, nor show the court's dismissal was palpably incorrect, the trial court properly denied the motion for reconsideration.

We do not reach the issue of whether the trial court abused its discretion in denying plaintiff's motion for reconsideration on February 18, 2025. "An issue not briefed on appeal is deemed waived." Woodlands Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 319 (App. Div. 2017) (quoting Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011)). We deem the issue waived.

To the extent we have not specifically addressed plaintiff's remaining arguments, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1861-24