963 A.2d 335 (2008)
406 N.J. Super. 1
NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, Plaintiff-Respondent, and
Lawnside Borough Board of Education, Plaintiff/Intervenor-Respondent,
v.
S.S., Defendant-Respondent.
In the Matter of K.S.H.,[1] Minor-Appellant.
New Jersey Division of Youth and Family Services, Plaintiff-Appellant, and
Lawnside Borough Board of Education, Plaintiff/Intervenor-Respondent,
v.
S.S., Defendant-Respondent.
In the Matter of K.S.H., a minor.
Nos. A-5209-07T4, A-5210-07T4.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 2008.
Decided October 31, 2008.
*336 Melissa R. Vance, Assistant Deputy Public Defender, argued the cause for minor-appellant (Yvonne Smith Segars, Law Guardian, attorney; Ms. Vance, on the brief).
Keith O. Campbell, Cherry Hill, argued the cause for respondent S.S. (Law Office of Keith Owen Campbell, P.C., attorneys; Mr. Campbell and Shawn M. McKinney, on the brief).
Eric R. Foley, Deputy Attorney General, argued the cause for respondent New Jersey Division of Youth and Family Services in 5209-07T4 and appellant in A-5210-07T4 (Anne Milgram, Attorney General, attorney; Andrea M. Silkowitz, Assistant Attorney General, of counsel; Mr. Foley, on the brief).
Cara E. Leheny, Cherry Hill, argued the cause for respondent Lawnside Borough Board of Education (WolfBlock LLP, attorneys; Ms. Leheny, of counsel and on the brief).
Before Judges WINKELSTEIN, FUENTES and GILROY.
The opinion of the court was delivered by
GILROY, J.A.D.
On leave granted, K.S.H., born June 22, 1998, through his Law Guardian, appeals from the May 29, 2008, order of the Family Part that, among other matters, directed that he be returned to the custody of his natural mother, S.S. The New Jersey Division of Youth and Family Services (DYFS) appeals from the same order. The two appeals were consolidated by order of July 3, 2008.[2] The primary issue presented on appeal concerns the propriety of the trial court's order directing a change of custody of K.S.H. back to his mother, without first conducting a plenary hearing on the issue, when no exigent circumstances exist. Because we determine that there is a genuine dispute as to the child's custody requiring the court to afford the parties' prior notice of the court's intended action to change custody and to conduct an evidentiary hearing on the issue, we reverse the order appealed from and remand to the trial court for further proceedings consistent with this opinion.
On May 19, 2005, DYFS filed a complaint against S.S. and her mother, Sh.S., for custody, care and supervision of K.S.H., contending that they had neglected K.S.H. as defined in N.J.S.A. 9:6-8.21c(4), that is, by not providing him with a school education as required by law. N.J.S.A. 9:6-1. On February 23, 2006, following a four-day fact-finding hearing on diverse dates in July and December 2005, and *337 January 2006, the trial court entered an order determining that S.S. and Sh.S. had neglected K.S.H.'s educational needs by failing to provide him with a school education. By a second order of the same day, the court directed that K.S.H. continue under the care and supervision of DYFS, with S.S. retaining physical custody of K.S.H. S.S. appealed, but Sh.S. did not. We affirmed. N.J. Youth & Fam. Servs. v. S.S., A-3963-05 (App.Div. Dec. 28, 2006).
Following our decision, the trial court entered several compliance review orders directing not only that K.S.H. continue under the care and supervision of DYFS, but also that K.S.H.'s custody continue with S.S. Because the Law Guardian perceived that S.S. continued to interfere with K.S.H.'s education, the Law Guardian filed an application for an order to show cause (OTSC) seeking to remove K.S.H. from the physical custody of S.S., and the Lawnside Borough Board of Education (Lawnside) moved to intervene in the action. On May 16, 2007, the court entered an order transferring K.S.H.'s legal custody to DYFS, but denying the Law Guardian's request for a transfer of the child's physical custody. The same order granted Lawnside's application to intervene.
In June 2007, contending that S.S. "engaged in an on-going pattern of behavior since the last hearing to abrogate her responsibilities as the caretaker of [K.S.H.] and to violate the [c]ourt's orders and directives," DYFS filed an application for an OTSC seeking to remove the child from S.S.'s physical custody. On June 12, 2007, the court entered an order directing that K.S.H. be removed from his mother and that DYFS be granted physical custody of the child. Following his removal, K.S.H. was placed with a resource family. On August 17, 2007, the court denied S.S.'s motion for reconsideration.
On October 5, 2007, another trial judge entered an order that denied the Law Guardian's application for the appointment of an educational surrogate to act on K.S.H.'s behalf; vacated that part of the October 27, 2005 order that continued the rights of S.S. and Sh.S. to advocate for K.S.H.'s needs within the educational system; and precluded S.S. from making educational decisions on the child's behalf. On January 28, 2008, the court denied S.S.'s motion for reconsideration of the October 5, 2007 order. On May 29, 2008, the second trial judge rejected DYFS's permanency plan to terminate parental rights followed by adoption, granted visitation to Sh.S., and ordered that physical custody of K.S.H. be returned to S.S.[3] We granted DYFS's and K.S.H.'s motions for leave to appeal.
On appeal, the Law Guardian argues on behalf of K.S.H.:
POINT I.
THE DIVISION SHOULD RETAIN CUSTODY OF [K.S.H.] AND HE SHOULD BE CONTINUED IN THIS PLACEMENT.
POINT II.
THE ORDER OF MAY 29, 2008, SHOULD BE VACATED AND THE MATTER SHOULD BE REMANDED TO THE ORIGINAL TRIAL JUDGE.
POINT III.
IN THE EVENT THAT CUSTODY IS RETURNED TO THE MOTHER, IT SHOULD BE CONDITIONED ON THE APPOINTMENT OF AN EDUCATIONAL SURROGATE AND *338 SHOULD NOT TAKE PLACE ABRUPTLY.
The issues raised by DYFS for our consideration are:
POINT I.
THE TRIAL COURT'S ORDER OF IMMEDIATE REUNIFICATION SHOULD BE VACATED BECAUSE [K.S.H.] WILL BE PLACED AT IMMINENT RISK OF HARM IF RETURNED TO THE CUSTODY OF HIS MOTHER.
POINT II.
THE DIVISION HAD NO PROPER NOTICE OR OPPORTUNITY TO BE HEARD REGARDING ANY CHANGE IN CUSTODY OF [K.S.H.] AND THE COURT'S DECISION WAS NOT SUPPORTED BY ADEQUATE, SUBSTANTIAL AND CREDIBLE EVIDENCE.
Common threads running through both the Law Guardian's and DYFS's arguments are that the second trial judge erroneously ordered K.S.H. to be returned to S.S.'s custody without having provided prior notice to the parties and without having conducted an evidentiary hearing on the issue of change of custody. We agree.
Where the custody of children is at stake, courts are required to balance the constitutional rights of parents to raise their children against the state's responsibility to protect the welfare of children. N.J. Div. of Youth & Family Servs. v. J.Y., 352 N.J.Super. 245, 261, 800 A.2d 132 (App.Div.2002). "[I]n order to relieve the tension created by these potentially disparate constitutional principles, the court's authority to remove children from the custody of their parents must be exercised with scrupulous adherence to procedural safeguards." Ibid. In addition to constitutional considerations, we have also recognized that "[t]he judge's determination has a profound impact on the lives of families embroiled in this type of a crisis.... The judge's determination, therefore, must be based on competent reliable evidence." Id. at 264-65, 800 A.2d 132. The same principle is equally applicable when the court orders a change of custody from DYFS back to the parent.
Because a custody determination significantly impacts the relationship between a parent and child, the court's decision "must be supported by evidence admitted during [a] hearing, which shall be held on the record. All documentary exhibits considered by the court must be clearly identified for appellate review. R. 1:2-3. Testimonial evidence must be presented through witnesses who are under oath, N.J.R.E. 603, and subject to cross-examination. N.J.R.E. 611." Id. at 265, 800 A.2d 132.
Here, the trial court's order returning K.S.H. to the custody of S.S. was not supported by competent evidence. At the proceeding on May 29, 2008, no witnesses testified and no documents were admitted into evidence. The proceeding involved only a colloquy between the court; counsel for DYFS; the Law Guardian; S.S., who represented herself; and an unidentified DYFS caseworker present in the courtroom. Moreover, there was no attempt to exclude inadmissible hearsay, and the trial court relied upon reports that had not been admitted into evidence. The following passage, excerpted from J.Y., describes the hearing presently under review with uncanny accuracy:
[T]he manner in which the entire proceeding was conducted included none of the elements ordinarily deemed indispensable to an adjudicative hearing. Documents were reviewed and considered by the court without any identification for the record. This not only violated *339 basic rules of trial practice, R. 1:2-3, but inhibited the appellate process by depriving the appellate court of a complete record on appeal. Attorneys were permitted to make material factual representations that were then accepted by the court in lieu of sworn testimony from witnesses. Litigants and other individuals with an interest in the case, such as caretakers, were permitted to casually address the court on material issues of fact without being sworn as witnesses or subjected to cross-examination.
[Id. at 264, 800 A.2d 132 (internal citation omitted).]
We have consistently vacated trial court decisions that rely only on representations of counsel, rather than on competent evidence, and have remanded such matters with instructions to conduct proper evidentiary hearings. Id. at 265-68, 800 A.2d 132; see also N.J. Div. of Youth & Family Servs. v. I.Y.A., 400 N.J.Super. 77, 90-91, 946 A.2d 62 (App.Div.2008); Div. of Youth & Family Servs. v. G.M., 398 N.J.Super. 21, 45, 939 A.2d 239 (App.Div.), certif. granted, 195 N.J. 520, 950 A.2d 907 (2008); N.J. Div. of Youth & Family Servs. v. H.B., 375 N.J.Super. 148, 175, 866 A.2d 1053 (App.Div.2005). We conclude that such action is required here.
We vacate the order returning custody of K.S.H. to S.S., and remand to the trial court to conduct an evidentiary hearing, allowing the parties an opportunity to call witnesses, introduce documentary evidence, and otherwise establish a proper record. J.Y., supra, 352 N.J.Super. at 265, 800 A.2d 132; N.J.S.A. 9:6-8.46. On remand, the Law Guardian may move for the appointment of an educational surrogate if, following an evidentiary hearing, the judge again directs that K.S.H. be returned to his mother's physical custody.
Lastly, we reject appellants' requests that we direct on remand the matter be reassigned to the original trial judge, rather than to the second judge. We determine the requests are without merit. "The mere fact that a judge has issued legal rulings ... in a case does not warrant reassignment in the event of reversal and remand." Brown v. Brown, 348 N.J.Super. 466, 493, 792 A.2d 463 (App.Div.2002).
Reversed and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Improperly pled as K.H.S. in the motion for leave to appeal.
[2] In addition to the order appealed from, the trial court entered two other orders on the same day. The second order was a permanency order rejecting DYFS's plan for termination of parental rights followed by adoption. The third order granted visitation to Sh.S., K.S.H.'s maternal grandmother. Although the Case Information Statement filed by DYFS indicates that the agency appealed from all three orders, the arguments contained in its brief only challenge the order directing the return of K.S.H. to his mother's custody. Accordingly, we deem the appeal from the remaining two orders waived. See Pressler, Current N.J. Court Rules, comment 4 on R. 2:6-2 (2008).
[3] The order directing the return of K.H.S. to his mother's custody was stayed by the trial court pending appeal.