**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0247-22
     A-0690-22
     A-1970-22

AFRICAN AMERICAN DATA
AND RESEARCH INSTITUTE
("AADARI"), LLC, and O.S.,

  Plaintiffs-Appellants/
  Cross-Respondents,

v.

JEANNE HITCHNER, CITY OF
MILLVILLE POLICE
DEPARTMENT, and CITY OF
MILLVILLE,

  Defendants-Respondents/
  Cross-Appellants.

_____

AFRICAN AMERICAN DATA
AND RESEARCH INSTITUTE
("AADARI"), LLC, and O.S.,

  Plaintiffs-Appellants,

v.

CUMBERLAND COUNTY

PROSECUTOR'S OFFICE and
STEPHEN SAYER,

      Defendants-Respondents.

_____

AFRICAN AMERICAN DATA
AND RESEARCH INSTITUTE
("AADARI"), LLC, and O.S.,

      Plaintiff-Appellants/
      Cross-Respondents,

v.

JEANNE PARKINSON, WENDY
MERCADO, CITY OF MILLVILLE
POLICE DEPARTMENT, and
CITY OF MILLVILLE,

      Defendants-Respondents/
      Cross-Appellants.

_____

Submitted March 18, 2024 – Decided April 11, 2024

Before Judges DeAlmeida, Berdote Byrne, and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket Nos. L-0176-22, L-0352-22, and L-0371-22.

Rotimi A. Owoh, attorney for appellants/cross-respondents.

Brock D. Russell, attorney for respondents/cross-appellants Jeanne Hitchner, Jeanne Parkinson, Wendy

Mercado, City of Millville Police Department, and City of Millville (Brock D. Russell, on the briefs).

Blaney, Donohue & Weinberg, PC, attorneys for respondents Cumberland County Prosecutor's Office and Steven Sayer (Frank Guaracini, III, of counsel and on the brief).

PER CURIAM

African American Data Research Institute LLC (AADARI) and O.S.[1], appeal from three separate trial court orders. We scheduled the appeals back-to-back and now consolidate them for purposes of issuing a single opinion. Each involves requests for records pursuant to the Open Public Records Act, N.J.S.A. 47:1A-1 to -13 (OPRA), and the common law right of access (CLRA) concerning documents involving the City of Millville (Millville) with respect to a lawsuit filed in 2020. Millville, Jeanne Hitchner, Jeanne Parkinson, Wendy Mercado, and the City of Millville Police Department (collectively, "defendants") cross-appeal from the cases in which they were parties (A-247-22 and A-1970-22), claiming the trial court erred in not dismissing AADARI's complaints for improperly verifying the underlying complaints, lack of standing, or, alternatively, for failing to appoint a guardian ad litem for O.S. In the third complaint, A-0690-22, respondents Cumberland County and Stephen Sayer

---

[1] We use initials to protect the identity of the incompetent person.

assert the trial court did not err in denying AADARI's requests for access to records.

We conclude the trial court erred in not dismissing the underlying complaints. Because AADARI is a corporation and its sole member, O.S., lacks capacity, AADARI cannot supply a verification to the complaint, warranting dismissal of the three complaints. O.S.' mental illness precludes him from acting on AADARI's behalf. AADARI's[2] counsel Rotimi A. Owoh, Esq. (Owoh) is unable to satisfy the requirements of Rules 4:67-2(a) and 1:6-6 because he cannot demonstrate he is taking direction from a member of the corporation. For the foregoing reasons, we reverse and remand to the trial court for a conforming order dismissing all three complaints with prejudice.

I.

We glean the following facts from the record. AADARI is a business formed with the laudable goal to "collect and analyze data relating to African Americans[;] research and prepare reports about the impact of public policies on African Americans[;] [and] compare the outcomes and impact of public policies on African Americans as compared to other races and ethnic groups."

---

[2] Because O.S. lacks mental capacity, this appeal will only address AADARI. O.S. is improperly pled as a plaintiff because any claim he may have would have to been brought on his behalf.

A-0247-22

It was incorporated in 2018. The corporation lists its members as Owoh's mother, Mercy A. O. Utah (Utah), and his adult son, O.S. Utah is deceased, having passed away sometime prior to September 23, 2020,[3] prior to the OPRA and CLRA requests at issue in these three cases, and O.S. suffers from mental illness, possibly schizophrenia. Our understanding of O.S. mental health comes from Owoh's representations to the trial court in another OPRA matter involving the same defendants and the same trial judge. There, Owoh explained O.S. suffers from mental illness which arose while he was at college. Owoh told the court O.S. talks to himself "every second," "all the time," and "has [s]chizophrenia." The trial court had Owoh sworn, after which Owoh reiterated O.S. suffers from a mental illness and cannot be deposed. Two weeks later, in that same proceeding, Owoh produced a letter from O.S.'s mental health provider which stated: "Due to [O.S.'s] mental illness, he is not able to undergo depositions." The trial court accepted the representations and did not allow defendants to depose O.S.

    1.   The A-247-22 Complaint.

---

[3] The record is unclear as to when Utah passed away. Owoh stated she was deceased at a motion hearing for a previous matter dated September 23, 2020.

On January 9, 2022, Owoh, purporting to be acting on behalf of AADARI, filed OPRA and CLRA requests with Millville (the "January OPRA request").[4] The January OPRA request sought numerous materials related to a lawsuit filed by Sherry Trout involving claims of race and sex discrimination, which ended in a settlement in Trout's favor. Defendants timely responded to the January OPRA request and provided AADARI with some of the records requested.

AADARI served another OPRA and CLRA request on the same parties on February 8, 2022 (the "February OPRA request"). It sought physical and electronic records to supplement the records received in response to the January OPRA request. Again, defendants timely responded.

Unsatisfied with defendants' response to the January and February OPRA requests, AADARI filed a summary action complaint on April 3, 2022, in the Law Division (the "April complaint"). Defendants moved to dismiss the April complaint based on the statute of limitations, the alleged lack of a verified complaint, and lack of standing. In the alternative, defendants moved to appoint

---

[4] AADARI's request also mentioned the Open Public Meetings Act, N.J.S.A. 10:4-6 to -21; however, it has not raised any argument specific to that act at any point in these proceedings.

a guardian ad litem for O.S. due to his lack of mental capacity. The trial court denied defendants' motion in its entirety.

Instead, the trial court ruled in AADARI's favor regarding some records requested in the April complaint, but found most or all the records were either properly denied or the requests for those documents were moot. The trial court specifically denied the request for a "copy of any investigation, report, and/or findings made by an outside attorney or in-house attorney or any other agent of [Millville] relating to the other allegations" in the Trout lawsuit before, during, or after Millville's settlement with Trout because the Cumberland County Prosecutor's Office (CCPO) was not an agent of Millville.

2. The A-1970-22 Complaint.

Owoh, purportedly on behalf of AADARI, immediately filed another OPRA and CLRA request (the "First June OPRA request") with the CCPO. The CCPO timely responded to the First June OPRA request and provided a detailed letter with its reasons for denying each request. AADARI then filed suit against the CCPO and its records custodian, Stephen Sayer, on July 7, 2022 (the "July complaint"), seeking responsive records for each request pursuant to OPRA or the CLRA. On August 19, 2022, the trial court denied each of AADARI's requests in the July complaint.

7

3. <u>The A-690-22 Complaint</u>.

In the interim, dissatisfied with the metadata provided by defendants in response to the February OPRA request, Owoh, again purportedly on behalf of AADARI, filed another request with Millville on June 15, 2022 (the "Second June OPRA request") for more metadata and approximately 9,000 emails. Millville denied the Second June OPRA request in full. AADARI filed another summary action (the June complaint) for the desired records. The trial court denied the requests in AADARI's June complaint based upon collateral estoppel and mootness.

These appeals followed.

## II.

A corporation is regarded in law as a distinct entity. However, "a corporation is an artificial entity that lacks the ability to function except through the actions of its officers, directors, agents, and servants . . . ." <u>Vosough v. Kierce</u>, 437 N.J. Super. 218, 233 (App. Div. 2014) (quoting <u>Printing Mart-Morristown v. Sharp Elec. Corp.</u>, 116 N.J. 739, 761 (1989)). Moreover, "an entity, however formed and for whatever purpose . . . shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State." <u>R</u>. 1:21(c).

We begin by noting the issue of verification was raised in only two of the three cases before us. The CCPO and Steven Sayer did not raise the issue before the trial court and do not raise it on appeal. Although we ordinarily decline to address issues not properly presented to the trial court, we will do so when "the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Berardo v. City of Jersey City, 476 N.J. Super. 341, 354 (App. Div. 2023) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Importantly, verification is a threshold issue in determining whether we address the substance of a denial of access complaint. See A.A. v. Gramiccioni, 442 N.J. Super. 276, 282 (App. Div. 2015) ("[A]n OPRA complaint must be filed in accordance with Rule 4:67-2(a), which requires the filing of . . . [a] verified complaint in a summary action."). As a summary action, a denial of access complaint pursuant to OPRA must be verified by affidavit pursuant to Rule 1:6-6. R. 4:67-2(a). The affidavit must be "made on personal knowledge, setting forth only facts which are admissible in evidence to which the affiant is competent to testify. . . ." R. 1:6-6.

Here, Owoh personally provided the same verification for each of the three cases before us. The verifications state he, not any member of AADARI,

is the one who "drafted and sent the OPRA request[s]"; "reviewed the email communications between [] AADARI" and the defendants or respondents, and received the emails with respect to each of the OPRA requests. O.S. did not submit an affidavit or a verification and, according to Owoh, cannot do so due to his mental illness.

Rule 1:6-6 does not explicitly prohibit an attorney from verifying a complaint so long as he or she has personal knowledge. Cf. Est. of Kennedy v. Rosenblatt, 447 N.J. Super. 444, 456 (App. Div. 2016) (citing Mazur v. Crane's Mill Nursing Home, 441 N.J. Super. 168, 179-80 (App. Div. 2015)). However, the facts based on personal knowledge must be admissible into evidence and must be facts to which the affiant is competent to testify. R. 1:6-6; Pressler & Verniero Current N.J. Court Rules cmt. on R. 1:6-6 (2024). Owoh's verifications fail to provide any relevant facts admissible into evidence or to which he is competent to testify. Owoh acts as AADARI's counsel. He has not and cannot certify who directed him to make the requests on behalf of the corporate entity, who determined the responses were deficient, and who directed him to file suit on AADARI's behalf. Owoh is not a member of AADARI and has maintained, at all times, that he acts as its attorney since it was founded in 2018. However, Owoh cannot demonstrate who retained him. He has repeatedly stated his son,

O.S., the sole member of AADARI, is incompetent and cannot be deposed. An incompetent person does not have the capacity to contract or retain counsel. Additionally, the appointment of a guardian ad litem (GAL) would not address this procedural deficiency. A guardian ad litem is appointed to represent the rights of an incompetent individual, not a corporation's interests. See S.T. v. 1515 Broad St., LLC, 241 N.J. 257, 278-79 (2020); Julius v. Julius, 320 N.J. Super. 297, 309 (App. Div. 1999). Although a GAL may represent O.S.'s monetary interest in AADARI, it cannot direct an attorney to act on AADARI's behalf.

As an attorney, Owoh is required to act as an advocate for his client, not on his own behalf. Vill. Apartments of Cherry Hill, N.J. v. Novack, 383 N.J. Super. 574, 579 (App. Div. 2006). Even if Owoh had management authority of AADARI and exercised managerial discretion on its behalf, he cannot represent it too, because a corporation cannot represent itself. R. 1:21-1(c). Assuming Owoh acted only as outside counsel and provided legal advice to his client, he must provide a certification from someone who is giving him direction to file a verified complaint. Owoh cannot supply a verification under either scenario.

Owoh's verification, even if based on personal knowledge, is not competent evidence. It is hearsay that cannot be cured by any of the exclusions

A-0247-22

or exceptions in our rules of evidence. New Century Fin'l Servs., Inc. v. Oughla, 437 N.J. Super. 299, 317 (App. Div. 2014). "We have consistently vacated trial court decisions that rely only on representations of counsel, rather than on competent evidence . . . ." N.J. Div. of Youth & Fam. Servs. v. S.S., 405 N.J. Super. 1, 7 (App. Div. 2008); see also Oughla, 437 N.J. Super. at 332 ("Affidavits in which the affiant fails to identify specifically his position, or explain the source of his personal knowledge . . . should be rejected.").

Before the trial court, defendants questioned whether it was AADARI which actually requested the records, or Owoh, and whether AADARI or Owoh made the decision to file suit. O.S., by Owoh's own admissions, does not possess the capacity to retain Owoh, request the records, or decide to file suit. Owoh could verify the complaints if he were a member of AADARI, or he could represent AADARI as its lawyer if he could demonstrate he was retained by a member, but he cannot do both. See RPC 3.7; R. 1:21-1(c). Currently he cannot demonstrate he is a member of AADARI, such that he may act on its behalf, or is retained by AADARI, such that he may act as its counsel. Owoh could make the same OPRA and CLRA requests in his individual capacity, not on behalf of AADARI, but he would not be entitled to attorney's fees.

The trial court erred in failing to dismiss all three of the consolidated cases. Owoh's verifications are not competent evidence and fail to demonstrate who he is taking direction from and who made the decision to file the verified complaints. Additionally, although procedural dismissals are generally without prejudice, Egg Harbor Care Ctr. v. Scheraldi, 455 N.J. Super. 343, 355 (App. Div. 2018) (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 4:37-2 (2018)), leave to amend will be denied when the amendment would be futile. See Mac Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co., 473 N.J. Super. 1, 17 (App. Div. 2022); Johnson v. Glassman, 401 N.J. Super. 222, 246-47 (App. Div. 2008). The record reveals AADARI does not have a member with the requisite capacity to make the initial requests at issue in this case. O.S. is the only surviving member of AADARI. His mental illness prevents him from providing a verification or affidavit with competent, admissible evidence. Any amendment of the complaint would be futile, and the complaints are dismissed with prejudice.

We reverse and remand to the trial court for conforming orders dismissing the three complaints with prejudice.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0247-22